E-FILED
Thursday, 03 September, 2026 02:03:37 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **HERBERT TALBERT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-1301-SEM-DJQ** |
| | ) | |
| **J.B. PRITZKER, et al.,** | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Herbert Talbert, proceeding *pro se* and currently in custody at Pontiac Correctional Center, filed a civil rights Complaint (#1) on July 20, 2026. He names 17 Defendants, including Illinois governor J.B. Pritzker, Cook County State's Attorney Eileen Burke, and the Illinois General Assembly. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the matter now proceeds to a merit review of Plaintiff's claims.

**BACKGROUND**

Plaintiff states that he brings this matter as a civil RICO case "against all Defendants for the high crimes against America's

Natural Born People, the Flesh and Bloodmen and women (True Sovereigns) in fact[.]" Plaintiff refers to himself as a trustee of the Hebert Franklin Talbert Trust, a private corporation.

Plaintiff alleges that Defendant Pritzker has "possibly" subjected Plaintiff to "obtaining Alzheimer's Disease." He also asserts that enforcement of phone and visiting restrictions violates his fundamental human rights. Plaintiff generally accuses all Defendants of some form of discrimination throughout his Complaint.

Plaintiff insists that as a "secured party/Trustee" he is not subject to "statutory jurisdiction." The State of Illinois, Plaintiff argues, is a private citizen and cannot exercise powers not derived from its corporate charter. Plaintiff asserts that he is not a party to the state constitution nor any other contract that would make him subject to the state's jurisdiction.

**Analysis**

Pursuant to 28 U.S.C. § 1915A, the court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if

warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's Complaint is frivolous on its face and must be dismissed. See *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (defining frivolous allegations as those that are clearly baseless, fanciful, fantastic, or delusional). Plaintiff's extensive allegations contain numerous hallmarks of a sovereign citizen ideology. See, e.g., *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood

human being,' that person is not beyond the jurisdiction of the courts."). Such "theories should be rejected summarily, however they are presented." *Id.*; see also *Talbert v. Pritzker*, CD. IL. Case no. 26-CV-3040 (Mar. 3, 2026) (dismissing Plaintiff's Complaint on the same grounds).

The dismissal of Plaintiff's Complaint is with prejudice because amendment would be futile and would encourage further abuse of the judicial process. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint (#1) is dismissed with prejudice.

2. Plaintiff's Motion for Temporary Restraining Order (#15) is DENIED as moot.

3. This matter is terminated.

ENTERED September 3, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**